UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE No.:25-CV-62453-WPD

BRIDGET QUINN

    Plaintiff,

vs.

TRANSOCEANIC CABLE SHIP
COMPANY, LLC nka SUBCOM LLC

    Defendant(s).
_____/

## PLAINTIFF BRIDGET QUINN'S EX PARTE MOTION TO FILE EXHIBITS TO COMPLAINT UNDER SEAL

Plaintiff, BRIDGET QUINN ("Plaintiff" or "Quinn"), by and through the undersigned counsel, respectfully moves for an order allowing Plaintiffs to file under seal Exhibit 1 and 2 to Plaintiffs' Complaint, prior to service of the same on the Defendant, TRANSOCEANIC CABLE SHIP COMPANY, LLC nka SUBCOM LLC ("Defendant" or "SubCom") in this matter. In support thereof, Plaintiff respectfully states as follows:

### INTRODUCTION

Plaintiff seeks to temporarily file under seal Exhibit 1 and 2 to her Complaint, until further Order of the Court. The Complaint appears at [D.E. 1], and the exhibits referenced herein are not yet filed in the docket of this matter. Defendant, SubCom has not yet been served with either the Complaint or the exhibits.

The First exhibit is a contract between the parties to this case (the "Contract") dated in August 2020, which states on its face it is "a confidential matter." The second exhibit is a composite of two (2) Investigative Forms from the Defense Counterintelligence and Security Agency (the "DCSA Forms") which background investigation records are Privacy Act protected records. The forms are highly sensitive, used for determining eligibility for national security clearances within the DoD. The forms are not available to the general public without the subject's consent (the Plaintiff in this matter)

1

or without a legitimate need for disclosure - typically limited to government agencies and contractor companies for use in hiring decisions.

I.      **LEGAL STANDARD.**

Pursuant to S.D. Fla. L.R. 5.4(b) and (d), this Court may grant leave to file documents under seal and by *ex parte* request where the moving party (1) sets forth the factual and legal basis for departing from the policy that Court filings are public, (2) describes the information or documents to be sealed (the "proposed sealed material") with particularity, and (3) specifies the proposed duration of the requested sealing. S.D. Fla. L.R. 5.4(b) and (d).

"The public's right of access to judicial proceedings is fundamental." *Binh Hoa Le v. Exeter Fin*. Corp., 990 F.3d 410, 418 (5th Cir. 2021). However, "[t]he common law right of access may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d 1161, 1169 (11th Cir. 2019)(citing *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007)). "Courts determine whether good cause exists by looking to the nature and character of the information in question. When evaluating good cause, a court should consider relevant factors including whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, whether access is likely to promote public understanding of historically significant events, and whether the press has already been permitted substantial access to the contents of the records." *Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d 1161, 1169 (11th Cir. 2019)(internal quotation marks omitted)(citing *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

"[A] showing of good cause. . . ordinarily requires a party to establish that it has a legitimate privacy or proprietary interest in information and that this interest would likely be harmed if made public. . . . .[A] party should not seek to seal information that is already public, or that would cause

no harm to a party if disclosed." *OJ Commerce, LLC v. KidKraft, Inc.,* 34 F.4th 1232, 1240-41 (11th Cir. 2022)(internal citations and quotation marks omitted).

II.     **Exhibit 1 to the Complaint – Confidential Contract Between the Parties**.

The first exhibit, a maritime employment-related Contract between Plaintiff and Defendant, demonstrates good cause for sealing based on its proprietary nature and the designation of confidentiality that appears within the document itself. The Contract discusses Plaintiff Quinn's employment as a qualified deep-sea captain with Defendant SubCom, a company which deploys deep-sea fiber-optic cable networks, often as a contractor for the federal government. This case concerns national security clearances utilized in the maritime industry and federal government. The regulated nature of both SubCom's work and Plaintiff Quinn's establish the parties' legitimate interest in maintaining confidentiality of their proprietary documents relating to the parties' maritime employment relationship.

In a similar employment-related maritime matter, *Wallace v. NCL Ltd.,* plaintiffs were a class of "present or former senior stateroom attendants employed by Defendant, NCL [Norwegian Cruise Line Holdings Ltd.]." 271 F.R.D. 688, 693 (S.D. Fla. 2010). The plaintiffs in the suit against *NCL* "filed a four-count complaint for declaratory judgment (Count I), wages and penalties under 46 U.S.C. § 10313 of the Seamen's Wage Act (Count II), loss of retirement benefits (Count III), and bad faith." *Id.* This Court found that exhibits attached to a plaintiffs' motion for class certification were proper to be sealed where they contained "excerpts from Defendant's proprietary ship operations manual." 271 F.R.D. 688, 694 (S.D. Fla. 2010). Our case here involves a similar maritime employment issue. The information here is just as sensitive as that which was sealed in *NCL*, if not more so. *See id.*

The Contract between the parties also states on its face that it is "a confidential matter," and SubCom referred to it as a "Non-Disclosure Agreement" during the parties negotiations on the document. This contractual designation creates a reasonable expectation that the information would

3

remain confidential, and demonstrates that disclosure would likely harm the parties' legitimate business interests.

The nature and character of the Contract and the proprietary and confidential information contained therein, regarding Plaintiff's regulated maritime employment in Defendant's deep-sea merchant marine operations, supports a finding of good cause. Public disclosure would undermine the parties' contractual expectations and potentially harm their business relationships.

**III.     Exhibit 2 to the Complaint - DCSA Investigative Forms**.

The second exhibit presents an even stronger case for sealing, based upon federal privacy protections. The DCSA Investigative Forms are Privacy Act protected records that are not available to the public without the subject's consent or a legitimate need for disclosure, according to the DCSA FOIA webpage. These forms are prepared at the request of the DCSA, by government agencies and cleared companies that contract for the federal government – and the disclosure of the DCSA Forms is also generally limited to those same government agencies and cleared companies for their hiring decisions, as well as used for determining eligibility for national security clearance within the DoD. The Privacy Act protection establishes a clear legitimate privacy interest in keeping this information confidential. The restricted nature of these records under federal privacy law weighs heavily in favor of sealing.

Furthermore, the DCSA Forms contain false and defamatory statements about Plaintiff Quinn, which statements are the subject of this litigation. The crux of this suit is to prevent the further spreading of the defamatory statements contained within the DCSA Forms. The DCSA Forms, therefore, "if publicly released, could be damaging to reputation and privacy" of Plaintiff Quinn. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984). "The government clearly has a substantial interest in preventing this sort of abuse of its processes." *Id.; Tillman v. C.R. Bard, Inc.,* 297 F.R.D. 660, 663 (M.D. Fla. 2014).

Sealing these exhibits does not bear on the issue of "publication" for purposes of Plaintiff's defamation claims, as the DCSA Forms were previously disseminated by SubCom to certain third parties, including the DCSA and the American Maritime Officers Union, long before this lawsuit.

**IV.     The Requested Relief is Temporary, Narrowly Tailored and Defendant Has a Right to Move to Unseal the Documents**.

Plaintiff only seeks to file the exhibits to her Complaint under seal and only until the Court issues a further Order. Juxtaposed with Plaintiff's right to file the instant Ex Parte Motion to Seal exhibits to her Complaint, is the Defendant's equal right to move to unseal the exhibits discussed herein when Defendant appears in this matter - and for that matter the general public's right to move to unseal. *See United States v. Kooistra,* 796 F.2d 1390, 1391 (11th Cir. 1986)(discussing a news media outlet's motion to intervene for the purpose of moving to unseal court documents).

In light of Defendant's right to move to unseal later in this matter, Plaintiff requests that the Court grant her Ex Parte Motion to Seal, prior to service on Defendant, because "once information is revealed, it cannot be made secret again." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1361 (11th Cir. 2021). Requiring Plaintiff to wait for Defendant's appearance in this matter could delay or complicate Service of Process on Defendant, and is unnecessary in light of Defendant's continuing right to move to unseal the exhibits later if it so chooses.

**V.     Conclusion**.

The balancing test strongly favors sealing both exhibits to Plaintiff's Complaint. Public access to the documents will not promote understanding of historically significant events. Good cause exists to seal both exhibits based on the parties' legitimate contractual and privacy interests that would be harmed by public disclosure. The contractual confidentiality designation and Privacy Act protections establish interests that outweigh the presumption of public.

WHEREFORE, for the reasons outlined above, Plaintiff BRIDGET QUINN respectfully requests the Court permit Plaintiff to file, under seal, Exhibits 1 and 2 to the Plaintiff's Complaint, on an ex parte basis, reserving for Defendant the right to move to unseal the exhibits at a later date.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF on this 11th day of December 2025.

Respectfully submitted,

PIKE & LUSTIG LLP
*/s/ Rebecca Rhew*
Daniel Lustig Esq.
Florida Bar No.: 059225
Rebecca L. Rhew Esq.
Florida Bar No.: 85134
1209 North Olive Avenue
West Palm Beach, FL 33401
Phone: (561) 855-7585
Facsimile: (561) 855-7710
Email: pleadings@pikelustig.com