UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-62453-CV-DIMITROULEAS

BRIDGET QUINN,

    Plaintiff,

vs.

TRANSOCEANIC CABLE SHIP COMPANY, LLC
nka SUBCOM LLC.,

    Defendant.
_____/

## ORDER REQURING SUPPLEMENTAL BRIEFING

    This Cause is before the Court on Defendant Transoceanic Cable Ship Company, LLC's Motion to Dismiss, filed herein on January 30, 2026. The Court has carefully considered the Motion [DE 15], the Response [DE 18], filed February 17, 2026, and the Reply [DE 21], filed February 27, 2026, along with all attachments and affidavits, and is otherwise fully advised in the premises.

    Defendant challenges Plaintiff's assertion of personal jurisdiction on several grounds, namely, that Plaintiff fails to sufficiently allege general or specific jurisdiction under the state's long arm statute. In making this argument, Defendant contends *inter alia* that Plaintiff cannot meet the requirements under Section 48.193(1)(a)(2), which provides that a nonresident defendant is subject to personal jurisdiction in Florida "for any cause of action arising from ... [c]omitting a tortious act within [Florida]." Fla. Stat. § 48.193(1)(a)(2). Plaintiff does not

directly respond to this argument, nor clarify which section of the long arm statute she invokes.[1] In these situations, courts have either gone along with Defendant's framing of the issue, or assumed, based upon the fact pattern, which section Plaintiff had intended to invoke. *See e,g. MerchACT, LLC v. Ronski*, No. 9:20-CV-82043-WPD, 2021 WL 9347069, at *4 (S.D. Fla. June 29, 2021) (agreeing with Defendant's assumption that Plaintiff had intended to invoke Florida Statutes § 48.193(1)(a)(2) and conducting an analysis thereunder); *Island Wifi Ltd., LLC. v. AT&T Mobility Nat'l Accts. LLC.,* No. 20-23741-CIV, 2021 WL 8362057, at *4 (S.D. Fla. Aug. 4, 2021) (same, but under Fla. Stat. § 48.193(1)(a)(1), (2), (3), and (7)).

Although the question has not been briefed, the Court wonders whether personal jurisdiction may be established over Defendant through a different prong of the Florida long arm statute, Fla. Stat. § 48.193(1)(a)(1) for "Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state."

At the risk of ruling in a vacuum, the Court will provide parties with the opportunity to brief this question. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Parties shall submit their respective briefs, not to exceed seven pages, by March 13, 2026.
2. Either party may move to file a response brief thereafter, if desired.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 6th day of March, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

---

[1] Nor does Plaintiff mount additional legal arguments under the well-established Florida specific protocol for establishing personal jurisdiction. It is not entirely clear to the Court on which legal theories Plaintiff rests her claim for personal jurisdiction over Defendant.